IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:11CV 364 ) |
| v. | ) COMPLAINT ) |
| MAGNETICS INTERNATIONAL, INC., | ) ) JURY TRIAL DEMAND |
| Defendant. | ) ) |

FILED
SEP 28 2011
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Daniel Bewley who was adversely affected by such practices. As alleged with greater particularity in paragraph 7, Bewley identified to Defendant a conflict between his religious practices and the work schedule Defendant expected Bewley to work, but, instead of attempting to accommodate Bewley's religious practices, Defendant terminated Bewley's employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Hammond Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Magnetics International, Inc. (the "Employer"), has continuously been a Pennsylvania corporation doing business in the State of Indiana and the City of Burns Harbor, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bewley filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about August 6, 2010, Defendant engaged in unlawful employment practices at its Burns Harbor, Indiana, facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by terminating Bewley's employment instead of attempting to accommodate Bewley's religious practices known to Defendant at the time it terminated Bewley's employment. Specifically, Bewley identified a conflict between Defendant's work schedule and Bewley's religious practices, and Defendant, instead of attempting to accommodate Bewley's religious practices, terminated Bewley's employment.

8. The effect of the practice complained of in paragraph 7 has been to deprive Bewley of equal employment opportunities and otherwise adversely affect his status as an employee, because of his religion.

9. The unlawful employment practice complained of in paragraph 7 was intentional.

10. The unlawful employment practices complained of in paragraph 7 was done with malice or with reckless indifference to the federally protected rights of Bewley.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for applicants and employees whose religious observances, practices, and beliefs conflict with Defendant's demands, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Bewley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Bewley.

D. Order Defendant to make whole Bewley, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including job search expenses, medical expenses, dental expenses, and vision expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Bewley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Bewley punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

JONATHAN BRYANT, #24112-49
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
(317) 226-5588
jonathan.bryant@eeoc.gov